IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| REDONDO CONSTRUCTION CORP., | : | Case No. 02-02887 (GAC) |
| | : | |
| Debtor | : | Chapter 11 |
| _____ | : | |
| | : | |
| REDONDO CONSTRUCTION CORP., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Adv. No. 04-00017 |
| | : | |
| SUMMERTIME DEVELOPMENT CORP., | : | |
| RAMON MARTINEZ PEREZ and | : | |
| JUAN MARTINEZ PEREZ, | : | |
| | : | |
| Defendants | : | |
| _____ | : | |

<u>DECISION AND ORDER</u>

Pending before this Court are two Motions to Dismiss (Docket #28 and Docket #43). The debtor filed this adversary proceeding on February 9, 2004, to determine whether Summertime Development Corp. ("Summertime") and Mr. Ramon Martinez Perez, President of Summertime ("Mr. Ramon Martinez") have unlawfully withheld $390,597.00, which the debtor alleges is due under the Amended Construction Contract between the debtor and Summertime. The debtor contends that the act of withholding the funds violates the automatic stay of 11 U.S.C. § 362(a)(3) and § 542(a). The debtor also contends that the act constitutes contempt, sanctionable under 11 U.S.C. § 105(a). Summertime and Mr. Ramon Martinez counterclaimed (Docket #5). Afterward, the debtor filed an Amended

Complaint to include Mr. Juan Martinez Perez, Vice-President of Summertime ("Mr. Juan Martinez") seeking to hold him liable in his personal capacity for the amount due to the debtor under the Amended Contract and for damages resulting from his involvement in the withholding of the monies as Vice-President and 50% shareholder of Summertime (Docket #17).

A. Motion to Dismiss filed by Mr. Ramon Martinez

On May 9, 2005, a Motion to Dismiss was filed by Mr. Ramon Martinez (Docket #28), alleging that taking all the allegations of the Complaint as true, it fails to state a claim upon which relief could be granted. He contends that he should not be held personally liable for the damages claimed because he was not a party in the Amended Contract entered between the plaintiff and Summertime. He contends that although he appeared in the Amended Contract as Summertime's representative, his action was within his capacity as President of Summertime. He therefore maintains that because contracts are valid only between the parties, the Complaint, as to him, should be dismissed.

On June 8, 2005, debtor filed an Opposition (Docket #34), alleging that Mr. Ramon Martinez is personally liable for the amount due to debtor under the Amended Contract, for damages resulting from their actions and the refusal to turn over the amounts due in violation of § 362(a)(3) and § 542(a), and sanctionable under § 105(a). Debtor maintains that Mr. Ramon Martinez willfully, maliciously and with dolus improperly retained

2

and refused to pay debtor. Debtor contends that the personal liability of Mr. Ramon Martinez, Summertime's President and the signatory to the Amended Contract, is for his failure to satisfy the obligations of Summertime under Puerto Rico Law and supported by the common law tort theory of liability. The debtor asserts that under Puerto Rico law, an officer or director of a corporation may be held liable for a tort in which he actively participates. Thus, the Motion to Dismiss should be denied.

B. <u>Motion to Dismiss filed by Mr. Ramon Martinez</u>

On August 3, 2005, a Motion to Dismiss was filed by Mr. Juan Martinez, contending that he cannot be held liable in his personal capacity (Docket #43).  In the Complaint, the debtor recognizes that Mr. Ramon Martinez, as President of Summertime, signed the Amended Contract on Summertime's behalf (Docket #1). Mr. Juan Martinez did not appear as a party nor representative of Summertime in the contract.  Mr. Juan Martinez asserts that as Vice-President of Summertime, he had a duty to protect the assets of the Company and any acts taken in his capacity as Vice-President are on behalf of the Company. Mr. Juan Martinez also maintains that he is separate and independent from Summertime, and thus cannot be held liable for the corporation's alleged debts and omissions.

The debtor filed an Answer to the Motion to Dismiss contending that the cause of action against Mr. Juan Martinez is not for breach of contract but as a result of his illegal withholding of funds, which are property of the debtor's estate under the

3

Bankruptcy Code (Docket #46). The debtor states that the Amended Complaint alleges several claims against Mr. Juan Martinez.  The debtor argues that it fulfilled its obligations under the contract with Summertime and that there is no valid reason for the withholding of payments due under the contract. The Amended Complaint also alleges that Mr. Juan Martinez's acts in withholding the payment due to the debtor under the Amended Contract are willful, done with knowledge of the filing of debtor's Chapter 11 petition, and contumacious.  Likewise, the debtor argues that Mr. Juan Martinez has committed contempt of court and should be sanctioned under 11 U.S.C. § 105(a).  The debtor also states that Mr. Juan Martinez is obligated to turn the funds over under 11 U.S.C. § 542(a). Finally, the debtor contends that Mr. Juan Martinez is liable under Puerto Rico law, stating that an officer or director of a corporation may be held liable for a corporate tort in which he actively participates and that he is liable under theories of breach of contract and tort for his wrongdoing.

<u>DISCUSSION</u>

In ruling on a motion to dismiss, a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs. See <u>Alternative Energy, Inc. v. St. Paul Fire and Marine Insurance Company</u>, 267 F.3d 30, 33 (1st Cir. 2001). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate only if the facts alleged by the plaintiff, taken as true, do not justify recovery. See <u>Aulson v.</u>

Banchard, 83 F.3d 1, 3 (1st Cir. 1996). Therefore, in order to survive a motion to dismiss, plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooley v. Mobil Oil Corp., 851 F.2d 513 (1st Cir. 1988).

In the present case, both defendants meet the standard to obtain a 12(b)(6) dismissal. The facts alleged by the debtor in the Amended Complaint taken as true, do not justify recovery from Mr. Ramon Martinez or Mr. Juan Martinez.

In the instant case, the debtor's claim against Mr. Ramon Martinez relates to whether the latter can be held personally liable for his actions as President and 50% shareholder of Summertime in withholding payment due pursuant to the Amended Contract entered between Summertime, represented by him as President, and the debtor.  Mr. Ramon Martinez contends that the claim should be dismissed in view of the fact that he acted in his official capacity on behalf of the company, that he was not a party in the Amended Contract and that he is separate and independent from Summertime; thus he cannot be held liable for the corporation's alleged debts and omissions.

On the other hand, the debtor's claim against Mr. Juan Martinez relates to whether the latter can be held personally liable for his actions as Vice-President and 50% shareholder of Summertime in withholding payment due pursuant to the Amended Contract entered between Summertime, represented by its President,

Mr. Ramon Martinez, and the debtor. Mr. Juan Martinez contends that the claim should be dismissed in view of the fact that he acted in his official capacity on behalf of the company and that he is separate and independent from Summertime; thus he cannot be held liable for the corporation's alleged debts and omissions.

"It is a well-known fact that a corporation has its own personality and assets, which is separate and distinct from those of its stockholders, whether these are natural or artificial persons. 14 L.P.R.A. § 1106." D.A.C.O. v. Alturas de Florida Development Corp., 132 P.R. Dec. 905, 924 (1993). Consequently, the liability of the stockholders for the debts and obligations of the corporation is generally limited to whatever assets they have brought to the corporate capital. D.A.C.O. v. Alturas de Florida Development Corp., 132 P.R. Dec. 905, 925 (1993) (citing Fleming v. Toa Alta Develop. Corp., 96 P.R. Dec. 240, 244 (1968)).

The Supreme Court of the United States has also made the distinction between a shareholder and the corporation itself. Although this case is one in which a shareholder filed an action under 42 U.S.C. § 1981 claiming discrimination, the Supreme Court held that a shareholder could not claim discrimination because he was not a party in the contract. His corporation was only entitled to breach of contract damages, which were settled in the bankruptcy proceeding. Domino's Pizza v. Macdonald, 126 S.Ct. 1246 (2006). The Court specifically held:

6

> McDonald's complaint does identify a contractual relationship, the one between Domino's and JWM. But it is fundamental corporation and agency law--indeed, it can be said to be the whole purpose of corporation and agency law--that the shareholder and contracting officer of a corporation has no rights and is exposed to no liability under the corporation's contracts.
>
> Domino's filed a proof of claim against JWM during its corporate bankruptcy; it did not proceed against McDonald personally. The corporate form and the rules of agency protected his personal assets, even though he "negotiated, signed, performed, and sought to enforce" contracts for JWM.

Domino's Pizza v. Macdonald, 126 S.Ct. 1246 (2006).

On the other hand, this Court recognizes that an individual can be held liable for torts that the individual committed while acting in their official capacity as an officer of a corporation. See 3A William Fletcher, Fletcher Cyclopedia of Law of Private Corporations § 1135 (2005). Similarly, under Puerto Rico law, an officer or director may be held liable for a corporate tort in which he actively participates. Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902, 907 (1st Cir. 1980).

The debtor argues that the defendants committed torts, but the allegations of the complaint only amount to breach of contract. Different interests are protected by actions for breach of contract and tort actions. Actions for breach of contract protect interests in having promises performed and tort actions protect interests in freedom from harms incident to intrusions upon legally protected interests. W. Prosser, *Torts* 613, § 92. Repudiation of a contract

7

is not a tort.  <u>Redgrave v. Boston Symphony Orchestra, Inc.</u>, 557

F.Supp. 230, 237 (D. Mass. 1983).  As stated by the court in

<u>Redgrave</u>:

> a breach of contract is not, standing alone, a tort as
> well.  And it cannot be converted into a tort merely by
> attaching to the contract, or to the breach, new labels
> that sound in tort.  Calling a "breach of contract" a
> "tortious repudiation of contract" is no more helpful in
> identifying a ground of tort liability than would be an
> argument that every breach of contract-or perhaps every
> willful breach-is a tort.

<u>Id</u>. at 238.  "Absent some identifiable tort theory, no reason

appears for enlarging remedies for the breach of contract . . .

beyond those, supported by precedents, protecting the interest in

having promises performed." <u>Id</u>.

The debtors also argue that the defendants violated the

automatic stay. With respect to violations of stay, the First

Circuit has stated that:

> [a] willful violation does not require a
> specific intent to violate the automatic stay.
> The standard for a willful violation of the
> automatic stay under 11 U.S.C. § 362(h) is met
> if there is knowledge of the stay and the
> defendant intended the actions which
> constituted the violation.

<u>Fleet Mortgage Group, Inc. v. Kaneb</u>, 196 F.3d 265, 269 (1st

Cir. 1999). Likewise, the First Circuit has held that a creditor's

violation of the automatic stay is not a strict liability tort and

that a debtor's recovery under a tort theory, requires proof that

the creditor violated the automatic stay under circumstances that

satisfy the elements of the tort theory in question. <u>Vahlsing v.</u>

8

Commercial Union Insurance Co., Inc., 928 F.2d 486 (1st Cir. 1991). Thus, a willful violation of stay does not equate with a commission of a tort.

Moreover, in Spookyworld, the First Circuit Court of Appeals held that corporations cannot sue under 11 U.S.C. § 362(h) to collect damages for violations of the automatic stay. Spookyworld, Inc. v. Town of Berlin, 346 F.3d 1, 8 (1st Cir. 2003). Nonetheless, corporations may seek damages for automatic stay violations under 11 U.S.C. § 105(a). Id. The First Circuit recognized that damages awarded pursuant to this section are contempt orders. Id. "[C]ivil contempt is somewhat analogous to a tort judgment for damages." Morales Feliciano v. Rosello Gonzalez, 124 F.Supp.2d 774, 785 (D.P.R. 2000). But, the similarity does not equate a contempt proceeding with being a tort action.

The debtor's claim against Summertime, Mr. Ramon Martinez and Mr. Juan Martinez is for breach of contract and the debtor seeks to have Summertime held in contempt for violation of the automatic stay and for failure to turnover funds that are property of the estate. The debtor does not include any cause of action for which Mr. Ramon Martinez or Mr. Juan Martinez could be held individually liable.

First, Mr. Ramon Martinez as President of Summertime was the one suited to appear for Summertime in the Amended Contract. This is not to be understood that he was the one who entered the contract with debtor. The Amended Contract was between the debtor

9

and Summertime as a corporation. Although debtor asserts that Mr. Ramon Martinez willfully, maliciously and with *dolus* improperly retained and refused to pay debtor, under the specific facts of this case, this is not enough to hold him personally liable for the allegations of the Amended Complaint.

Secondly, the debtor recognizes that Mr. Juan Martinez is only a 50% shareholders of the company; that he acted as Vice-President; and that he was not the one who appeared as the legal representative of Summertime in the Amended Contract. The debtor merely characterizes Mr. Juan Martinez as the person in charge of Summertime and contends that he unlawfully orchestrated the scheme to deprive the debtor of the funds to which it was entitled.

The Court concludes that the debtor has failed to allege that Mr. Ramon Martinez or Mr. Juan Martinez violated the automatic stay under circumstances satisfying the elements of any tort theory. Likewise, a mere contention that an alleged violation of stay constitutes contempt, does not appear to satisfy the elements of a tort theory. Accordingly, the complaint will be dismissed as to Mr. Ramon Martinez and Mr. Juan Martinez.

<u>ORDER</u>

WHEREFORE IT IS ORDERED that the motion to dismiss filed by Mr. Ramon Martinez (Docket #28), shall be, and it hereby is, GRANTED.

10

IT IS FURTHER ORDERED that the motion to dismiss, filed by Mr. Juan Martinez (Docket #43), shall be, and it hereby is, GRANTED.

SO ORDERED.

San Juan, Puerto Rico, this 22nd day of May, 2006.

s/ Gerardo A. Carlo-Altieri

_____
GERARDO A. CARLO-ALTIERI
Chief, U.S. Bankruptcy Judge